JUDGE CASTEL

James H. Hohenstein (JH 3285)
Jean M. Del Colliano (JDC 0584)
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007
Telephone: (212) 513-3200
Telefax: (212) 385-9010
E-mail: jim.hohenstein@hklaw.com
        jean.delcolliano@hklaw.com

Attorneys for Plaintiff,
DANBY PRODUCTS, INC.

05 CV 9663

RECEIVED
NOV 6 2005
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DANBY PRODUCTS, INC.,                    :    05 Civ. _____

                          Plaintiff,     :

            -against-                    :    **COMPLAINT**

MEDITERRANEAN SHIPPING COMPANY, S.A,     :

                          Defendant.     :

                                         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

    Plaintiff, Danby Products, Inc. ("Danby"), sues Defendant, Mediterranean

Shipping Company, S.A. ("MSC"), and alleges:

### JURISDICTION AND VENUE

    1.    This is an admiralty and maritime action as provided in Rule 9(h),

Federal Rules of Civil Procedure.  This Honorable Court possesses jurisdiction over

the subject matter of this action pursuant to 28 U.S.C. § 1333.

    2.    As will be set forth below, the actions herein are all based on the terms

of bills of lading issued by or on behalf of MSC.  In accordance with Clause 2 of the

applicable bills of lading, exclusive jurisdiction for disputes arising thereunder is in this Court.

## THE PARTIES

3.      Danby is a corporation organized under the laws of the State of Delaware, engaged and specializing in the business of coordinating the overseas manufacture and domestic sale of compact refrigerators and other household appliances.  Danby's principal place of business is at 101 Bentley Court, Findlay, Ohio, 45840-0669.

4.      Defendant MSC is a foreign corporation engaged in the business of providing global shipping and delivery services around the world.  Upon information and belief, MSC has a place of business at 420 Fifth Avenue, New York, New York 10018.

5.      Defendant MSC is in the business of a common carrier and conducts business with respect to shipments to, from and within the State of New York and the United States as a whole within the meaning of Rule 4(k)(2), Federal Rules of Civil Procedure.

## GENERAL ALLEGATIONS

6.      The individual claims asserted in this action by Plaintiff Danby arise from certain contracts of carriage evidenced by certain through bills of lading entered into between Danby and Defendant MSC on or about October 6, 2004 and November 25, 2004.  The contract of carriage and through bills of ladings, MSCUCP

174224 and MSCUCP 176294 (the "Bills of Lading"), are attached hereto as composite Exhibit "A."

7.   The purpose of the Contract of Carriage was the shipping and transport by Defendant MSC of washing machines and dryers belonging to Danby from Koper, Slovenia, to Ottawa, Ohio (the "Goods").

8.   The terms of the Bills of Lading specified Defendant MSC as the carrier, the port of discharge as New York, and the place of delivery as Ottawa, Ohio.

9.   On or around November 7, 2004 (MSCU CP174224) and December 26, 2004 (MSCU CP176294), Defendant MSC delivered the Goods to the port of discharge of New York.

10.   At or around those dates, pursuant to paragraph 24 of the Bills of Lading, Danby's custom's broker, Fedex Trade Network ("FTN"), arranged for all custom formalities to be completed in New York and satisfied all necessary requirements pursuant to the relevant Bills of Lading.

11.   Written confirmation of clearance by the United States Customs and Border Protection was provided to Defendant MSC by FTN.

12.   However, despite receipt of the written confirmation of clearance, Defendant MSC erroneously designated the goods as remaining in bond.

13.   Thereafter Defendant MSC, as carrier, transported the Goods from the port of discharge of New York to Columbus, Ohio.

14.     Because of the erroneous designation by Defendant MSC that the Goods were in bond, the Goods were improperly detained in Columbus, Ohio and stored by an entity known as Trimodal Services, Inc. ("Trimodal").

15.     After being notified of the detainment, on or around January 24, 2005, Danby requested Defendant MSC's assistance and cooperation pursuant to its delivery obligations in accordance with the through Bills of Lading in securing the release of the Goods.

16.     Defendant MSC failed to provide such cooperation and the Goods remained detained.

17.     In order to have the Goods released, Danby was forced to incur accrued costs of $41,275.00, which it paid under protest to Trimodal, in order to release the detained Goods.

18.     Danby obtained validation that the Goods should not have labeled by Defendant MSC as in bond, but rather confirmed the Goods had been cleared by the United States Custom and Border Patrol and that this information had been given to Defendant  MSC.

19.     Danby requested Defendant MSC reimburse Danby for the costs Danby incurred in securing the release of the Goods; however, up until and at the time of filing this action, Defendant MSC has refused to reimburse Danby for those damages.

20.     As a result of Defendant MSC's breach of the Bills of Lading, Danby has been damaged.

4

21.    All conditions precedent to the bringing of this action have occurred, or have been waived by the Parties.

22.    Danby sues on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

### CAUSE OF ACTION BY DANBY
### AGAINST MSC FOR DAMAGES
### BASED ON BREACH OF CONTRACT

23.    Danby re-alleges and reincorporates paragraphs 1 through 22, as if fully set forth herein.

24.    Danby and Defendant MSC entered into an agreement for the proper shipment of goods from Koper, Slovenia to the place of delivery in Ottawa, Ohio.

25.    Defendant MSC breached that agreement by failing to properly designate the shipped goods.

26.    Due to Defendant's MSC breach of the agreement, Danby was damaged in that it was forced to pay storage and other charges in order to have the goods released.

WHEREFORE, Danby demands judgment against Defendant MSC for all damages, together with interest, costs and all further relief the Court deems just.

Dated:    New York, New York
          November *15*, 2005


                        HOLLAND & KNIGHT LLP

                        By _____
                        James H. Hohenstein (JH 3285)
                        Jean M. Del Colliano (JDC 0584)
                        195 Broadway
                        New York, New York  10007
                        Telephone:  (212) 513-3200
                        Telefax:  (212) 385-9010
                        E-mail: jim.hohenstein@hklaw.com
                                jean.delcolliano@hklaw.com

                        Attorneys for Plaintiff
                        DANBY PRODUCTS, INC.

TO:    Mediterranean Shipping Company, S.A.
       c/o Mediterranean Shipping Company (USA) Inc.
       420 Fifth Avenue
       New York, NY 10018


# 3358136_v1

NON-NEGOTIABLE COPY BoL

**MSC MEDITERRANEAN SHIPPING COMPANY S.A., Geneva**

| IS IT PORT-TO-PORT SHIPMENT ? (Fill-in Boxes 7 & 8) - Tick -> | COMBINED TRANSPORT SHIPMENT ? (Fill-in Boxes 5, 6, 9 & 10) : Tick -> X | N° of original BoI (number & words) | N° of Rider Pages (number & words) |
|---|---|---|---|

**(1) SHIPPER: (Full details)**
GORENJE, D.D.
PARTIZANSKA CESTA 12
SI-3503     VELENJE SLOVENIA
Phone no.:

**(3) NOTIFY: (No responsibility shall attach to Carrier or to his Agent for failure to notify)**
DANBY PRODUCTS INC.
P.O.BOX 669
101 BENTLEY COURT, FINDLAY
MR. BILL
419-425-8629

**(2) CONSIGNEE: (Not Negotiable unless «To Order of ...»)**
DANBY PRODUCTS INC.
P.O. BOX 669
101 BENTLEY COURT, FINDLAY
MR. BILL
Phone no.:
419-425-8629
419-425-8629

**(4) BROKER/ CARRIER'S AGENTS ENDORSEMENTS (FCL/FCL, SLSC)**
FCL/FCL

SHIPPER'S LOAD STOWAGE AND COUNT

SAID TO CONTAIN, THE CARRIER HAD NO MEANS TO VERIFY SHIPPER'S REPRESENTATION AND THE LATTER TO BE ULTIMATELY RESPONSIBLE FOR SHORTAGES ESTABLISHED AT DESTINATION IN CASE THE CONTAINER IS DISCHARGED WITH THE SAME SEAL AS NOTED ON THIS BILL OF LADING

Shippers Ref 1

Agents ref  950    24041    MSC 14452

**(5) PLACE OF RECEIPT (Combined Transport only)**

**(7) PORT OF LOADING**
KOPER, SLOVENIA

**(9) PLACE OF DELIVERY (Comb. Trans. only)**

**(11) VESSEL & VOY N°**

**(6) PLACE OF RECEIPT (Combined Transport only)**

**(8) PORT OF DISCHARGE**

**(10) MODE OF ON-CARRIAGE (Comb. Trans. only)**

**(12) AGENTS (at PORT OF DISCHARGE / DELIVERY)**

**(14) CARRIER'S RECEIPT** (Continued on attached Bill of Lading Rider page(s), if applicable)

(13) All details shown in Indic 22 are furnished by the Shipper, being their Memoranda, Quantity, Condition, Contents and all other information disclosed in Box 13 are unknown to the carrier, who has no means to verify their correctness and does not acknowledge them. The statements of the Shipper in Box 13 do not engage the Carrier contractually or in any other manner.

| Identity Marks of Control and/or other numbers | Corresp. number and/or other packages | Cargo Description (Continued on attached Bill of Lading Rider page(s), if applicable) | Cargo Gross weight | Measurement |
|---|---|---|---|---|
| SLDU 058575-5 SEAL 1174362 | | 1 40' HIGH CUBE SAID TO CONTAIN: | KGS | CBM |
| GATU 853116-8 SEAL 1174357 | | 126 PIECES MODEL DSD5505W ELECTRIC DRYER | 4788 | 50.000 |
| MSCU 860864-7 SEAL 1174357 | | 1 40' HIGH CUBE SAID TO CONTAIN: 126 PIECES MODEL DCD5505W-1 ELECTRIC DRYER | 4788 | 50.000 |
| | | 1 40' HIGH CUBE SAID TO CONTAIN: 126 PIECES MODEL DWM5500W 1 WASHING MACHINE 2 PIECES MODEL DCD5505W 1 ELECTRIC DRYER | 10082.8 | 50.000 |
| | | PURCHASE ORDER NUMBER 02.263 L/C NO.:156716, DATED 040609 CFR OTTAWA, OHIO, USA SHIPPED ON BOARD 06.10.2004 FREIGHT PREPAID PLACE OF DELIVERY: DANBY PRODUCTS INC 677 WOODLAND DRIVE OTTAWA, OHIO, USA | | |
| | | TARA WEIGHT | 13200 | |
| | | TOTAL GROSS WEIGHT (CARGO+TARE) | 32856.0 | |

**(15) FREIGHT & CHARGES** («PAYABLE» signifies INTENTION, Cargo shall not be delivered unless freight & Charges are paid)

| Specification of Freight & Charges | Basis | Rate | POL | POD | ELSEWHERE |
|---|---|---|---|---|---|
| | | | | | |

Ad Valorem charges

Declared value:     TOTAL FREIGHT & CHARGES

IN ACCEPTING this BoI, the Merchant expressly agrees to be bound by all the terms, conditions, limitations and exceptions, whether printed, stamped or written hereon and on Page 1, and in particular agrees that the Carrier shall have the right, at its sole discretion, to stuff cargo in containers and to carry on deck containers of all kinds including trailers, tanks, flats, canvas top, pallets, vehicles and boats or similar articles used to consolidate goods.
RECEIVED FOR SHIPMENT in apparent external good order and condition the number of containers, packages, units bearing the marks and/or numbers shown in Box 14, said to contain the quantity of goods, weights and measurements stated by Shippers in Box 13, which particulars the Carrier has neither checked nor verified.
IN WITNESS whereof, the no. of Original Bills of Lading shown at the top right comer of this contract have been signed, if this is a negotiable (To Order) BoI, the goods will only be delivered if one original BoI, properly endorsed by the Shippers and/or by the bank concerned (and not by the Notify Party), is surrendered, the others to be considered null and void.

| PLACE AND DATE OF ISSUE | SHIPPED ON BOARD | SIGNED ON BEHALF OF THE MASTER / CARRIER |
|---|---|---|
| KOPER    2004.10.06 | DATE    2004.10.06 | MSC AGENT   MSC KOPER D.O.O. |

220

Exh "A"

# MEDITERRANEAN SHIPPING COMPANY S.A., Geneva

**MSC**

**ORIGINAL BILL OF LADING**

MSCUCP176294

| IS IT PORT-TO-PORT SHIPMENT ? (Fill-in Boxes 7 & 8) Tick -> | COMBINED TRANSPORT SHIPMENT ? (Fill-in Boxes 5, 6, 9 & 10) Tick -> X | N° of original BoL (number & words) | N° of BoL Rider Pages (number & words) |
|---|---|---|---|

(1) SHIPPER: (Full details)
DANBY PRODUCTS INC
PARTIZANSKA CESTA 12

NOV 0 8 2005

SI 3503     VELENJE SLOVENIA

(2) CONSIGNEE: Not Negotiable unless «To Order of ...»)
DANBY PRODUCTS INC.
P.O. BOX 669
101 BENTLEY COURT, FINDLAY      419-425-8629
MR. BILL
45839-0669     OHIO, USA

(3) NOTIFY PARTY (No responsibility shall attach to Carrier or to his Agent for failure to notify)
DANBY PRODUCTS INC.
P.O. BOX 669
101 BENTLEY COURT, FINDLAY         419-425-8629
MR. BILL
45839-0669     OHIO, USA

(4) SPACE FOR CARRIER'S AGENTS ENDORSEMENTS (FCL/FCL, SLSC)

FCL/FCL

SHIPPER'S LOAD STOWAGE AND COUNT

SAID TO CONTAIN, THE CARRIER HAD NO MEANS TO VERIFY SHIPPER'S REPRESENTATION AND THE LATTER TO BE ULTIMATELY RESPONSIBLE FOR SHORTAGES ESTABLISHES AT DESTINATION IN CASE THE CONTAINER IS DISCHARGED WITH THE SAME SEAL AS NOTED ON THIS BILL OF LADING.

Shippers Ref.:

Agents ref.  960    24048    539    MSC  18573

| (5) PLACE OF RECEIPT (Combined Transport o/w) TRUCK | (6) PLACE OF RECEIPT (Combined Transport o/w) KOPER, SLOVENIA |
|---|---|

| (7) PORT OF LOADING: KOPER, SLOVENIA | (8) PORT OF DISCHARGE: NEW YORK, NY |
|---|---|

| (9) PLACE OF DELIVERY (Combined Transport o/w) OTTAWA OHIO, USA | (10) MODE(S) OF CARRIAGE (Combined Transport o/w) TRUCK |
|---|---|

| (11) VESSEL & VOY N° MSC ANASTASIA      171A | (12) AGENTS AT PORT OF DISCHARGE / DELIVERY: |
|---|---|

**(14) CARRIER'S RECEIPT** (Continued on attached Bill of Lading Rider pages, if applicable)

(13) All details shown in Box 13 are furnished by the Shipper, being their Memoranda. Quantity, Condition, Contents and all other information shown in Box 13 are unknown to the Carrier, who has no means to verify their correctness and does not acknowledge them. The statements of the Shippers in Box 13 do not engage the Carrier contractually or in any other manner.

| Identify Marks or Cont'rs or other packages and seal number(s) | Cont'rs number | Total N° of pkgs or other packages received by the carrier. | Kind of pkgs | Cargo Description (Continued on attached Bill of Lading Rider page(s), if applicable) | Cargo Gross weight KGS | Measurement CBM |
|---|---|---|---|---|---|---|
| AS PER SPECIFICATION ATTACHED | | 4 | | x 40' CONTAINER(S) AS PER SPECIFICATION ATTACHED PURCHASE ORDER NUMBER 02.374 CC NO.SI350731 DATED 041013 CFR OTTAWA, OHIO, USA PLACE OF DELIVERY: DANBY PRODUCTS INC. 677 WOODLAND DRIVE OTTAWA, OHIO USA SHIPPED ON BOARD 25.11.2004 FREIGHT PREPAID | 29912.4 | 200.000 |

MSC KOPER d.o.o.

TARA WEIGHT      17600
(TOTAL GROSS WEIGHT (CARGO+TARE)      47512.4

**(15) FREIGHT & CHARGES** (+PAYABLE+ signifies INTENTION. Cargo shall not be delivered unless freight & Charges are paid.)

| Specification of Freight & Charges | Basis | Rate | PAYABLE at | | |
|---|---|---|---|---|---|
| | | | POL | POD | ELSEWHERE |
| | | | | | |
| Ad Valorem charges : | | | | | |
| Declared value: | | TOTAL FREIGHT & CHARGES | | | |

IN ACCEPTING this BoL the Merchant expressly agrees to be bound by all the terms, conditions, limitations and exceptions, whether printed, stamped or written hereon and on Page 1, and in particular agrees that the Carrier shall have the right, at his sole discretion, to stuff cargo in containers and to carry on deck containers of all kinds including trailers, tanks, flats, canvas top, pallets, vehicles and boats or similar articles used to consolidate goods.
RECEIVED FOR SHIPMENT in apparent external good order and condition the containers, packages, units bearing the marks and/or numbers shown in Box 14, said to contain the quantity of goods, weights and measurements stated by Shippers in Box 13, which particulars the Carrier has no reasonable means of checking.
IN WITNESS whereof, the no. of Original BoL of Lading shown at the top right corner of this contract have been signed. If this is a negotiable (to Order) BoL, the goods will only be delivered if one original BoL, properly endorsed by the Shippers and/or by the bank concerned and not by the Notify Party, is surrendered; the others to be considered null and void.

| PLACE AND DATE OF ISSUE KOPER     2004.11.25 | SHIPPED ON BOARD  2004.11.25 DATE | Signed on behalf of the Carrier MSC Mediterranean Shipping Co SA, Geneva As agents'     MSC KOPER d.o.o. | CARRIER |
|---|---|---|---|

387

6435801

**MSC** **MEDITERRANEAN SHIPPING COMPANY S.A., Geneva**

| ORIGINAL RIDER PAGE to BILL OF LADING or WAY BILL, Page n° | 1 | of | 3 |

**(14) CONTINUATION OF CARRIER'S RECEIPT**

16573 /45839-0669

**(13) CONTINUATION OF SHIPPERS MEMORANDA**

The contents in this section are deemed to be a natural continuation of the information provided by Shippers in Box 13 of the Bill of Lading shown and are governed by the same reservations of the Carrier as stated in Box 13 and by all the agreed terms and conditions under the Contract of Carriage by Sea, pages 1 and 2.

**Reference number of Original Bill of Lading or Way Bill:**

MSCUCP176294

| Identity Marks of Cont. or other packages and seal number(s) | Corresp. number of cont. or other packgs | Total nbr of ctrs or other packgs received by the carrier | Haz Code | Cargo Description (Continued on attached Bill of Lading Rider page(s), if applicable) | Cargo Gross weight | Measurement |
|---|---|---|---|---|---|---|
| MSCU 837290-5 SEAL 1174276 | | 1 | | x 40' HIGH CUBE SAID TO CONTAIN 126 PIECES MODEL DWM5500W-1 WASHING MACHINE | 10168.2 | 50.000 |
| MSCU 866043-4 SEAL 1174259 | | 1 | | x 40' HIGH CUBE SAID TO CONTAIN 126 PIECES MODEL DWM5500W-1 WASHING MACHINE | 10168.2 | 50.000 |
| MSCU 936868-5 SEAL 1174224 | | 1 | | x 40' HIGH CUBE SAID TO CONTAIN 126 PIECES MODEL DCD5505W-1 ELECTRIC DRYER | 4788 | 50.000 |
| MSCU 840641-4 SEAL 1174266 | | 1 | | x 40' HIGH CUBE SAID TO CONTAIN 126 PIECES MODEL DCD5505W-1 ELECTRIC DRYER | 4788 | 50.000 |

| PLACE AND DATE OF ISSUE | SHIPPED ON BOARD MV | SIGNED ON BEHALF OF THE MASTER |
|---|---|---|
| 20041125 | MSC ANASTASIA    171A DATE    20041125 | MSC AGENT MSC KOPER d.o.o. |

212